THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-00250-MR-DLH

| | |
|---|---|
| BRONCO CONSTRUCTION, INC. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>SCHOTTEN FENSTER, LLC, )<br>VINNY CURRAN, HOLLIS )<br>ARCHITECTURAL PRODUCTS, LLC )<br>AND FRAZIER HOLLIS, )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendants Schotten Fenster, LLC's and Vinny Curran's ("Defendants'") Motion to Stay Proceedings and Compel Arbitration Pursuant to 9 USCS § 3. [Doc. 15]. Bronco Construction, Inc. ("Plaintiff") has filed a Response to such motion, [Doc. 18], and the Defendants have replied [Doc. 20].

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff initiated this action in Henderson County Superior Court on August 15, 2014, asserting claims of fraud, unfair and deceptive trade practices, and breach of contract against the Defendants. [Doc. 1-1]. The

Defendants Frazier Hollis and Hollis Architectural Products, LLC removed this case to this Court on September 19, 2014. [Doc. 1].

This case arises from an agreement between the parties for the provision of "high-end, custom windows and doors for a large residential construction project at Lake Toxaway." [Doc. 18 at 1]. The Plaintiff is a construction company which builds custom homes in Western North Carolina and Florida. [Doc. 1-1]. Vinny Curran resides in Colorado and is the president of Schotten Fenster, LLC, which has its principal place of business in Colorado. [Doc. 17 at 2]. The Plaintiff entered into a contract with Defendant Schotten Fenster, LLC [Doc. 1-1 at 13-15] which contained the following provision:

> Disputes. In the event of any disputes between Buyer and Seller, or their assignees, such dispute shall be decided by binding arbitration by the American Arbitration Association in accordance with its Construction Industry Arbitration Rules in effect as of the commencement of the arbitration.
>
> (a) The arbitration hearing shall be held in the City and County of Denver, Colorado . . .
>
> (c) In the event of any litigation between the parties, including an action to enforce the arbitration award, venue shall be in the County in which the arbitration hearing was conducted and the parties waive their rights to object to venue in any such court, regardless of the convenience or inconvenience

> thereof to any party. The parties hereby consent to personal jurisdiction in Colorado . . .

[Doc. 1-1]. The Plaintiff paid two payments to the Defendant Schotten Fenster, LLC, totaling $371,609.00. [Doc. 1-1 at 5, Doc. 17 at 7]. By August 2014, Schotten Fenster, LLC had not delivered the windows and doors for the project. [Doc. 1-1 at 7, Doc. 17 at 10].

On November 7, 2014, the Defendants Schotten Fenster, LLC and Vinny Curran filed their Motion to Stay Proceedings and Compel Arbitration Pursuant to 9 USCS § 3 [Doc. 15], and the Plaintiff responded in opposition to such motion on November 23, 2014 [Doc. 18]. The Defendants Schotten Fenster, LLC and Vinny Curran have replied. [Doc. 20].

This matter is now ripe for disposition.

## II. DISCUSSION

According to the Federal Arbitration Act ("FAA"), § 2:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

3

9 U.S.C.A. § 2. The Fourth Circuit has held that "a litigant can compel arbitration under the FAA if he can demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991).

Where there is a valid arbitration agreement with case issues within its scope, "[a] district court . . . has no choice but to grant a motion to compel arbitration." Adkins v. Labor Ready, Inc., 303 F.3d 496, 500 (4th Cir. 2002). There is a strong public policy in favor of arbitration in North Carolina and on the federal level. See Johnston County v. R.N. Rouse & Co., 331 N.C. 88, 91, 414 S.E.2d 30, 32 (1992); see also Vaden v. Discover Bank, 556 U.S. 49, 129 S.Ct. 1262, 1265 (2009). The FAA preempts North Carolina's law regarding arbitration where interstate commerce is involved. Boynton v. ESC Medical System, Inc., 152 N.C. App. 103, 107 (2002). A challenge to "the enforceability of an arbitration clause under Section 2 of the FAA must rely on grounds that 'relate specifically to the arbitration clause and not just to the contract as a

4

whole.'" Muriithi v. Shuttle Exp., Inc., 712 F.3d 173, 183 (4th Cir. 2013) (citing Snowden v. CheckPoint Check Cashing, 290 F.3d 631, 636 (4th Cir. 2002) (citation omitted)).

According to the Federal Arbitration Act, § 3:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C.A. § 3.

"A litigant may waive its right to invoke the Federal Arbitration Act by so substantially utilizing the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." Maxum Founds., Inc. v. Salus Corp., 779 F.2d 974, 981 (4th Cir. 1985) (citations omitted). "Default" is "akin to waiver, but not identical." Rota-McLarty v. Santander Consumer USA, Inc., 700 F.3d 690, 702 (4th Cir. 2012). Further, "the circumstances giving rise to a statutory default are limited and, in light of the federal policy favoring arbitration, are not to be lightly inferred." Id. at

5

702 (quoting Maxum Founds., Inc., 779 F.2d at 981). Thus, "the party opposing arbitration bears a heavy burden to prove default." Rota-McLarty at 702 (quoting Am. Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 95 (4th Cir. 1996)). See Maxum Founds., Inc., 779 F.2d at 982 (holding that the mere filing of an answer and a third-party complaint, along with three months of discovery, would not permit a court to find that the right to arbitrate had been waived); see also In re TP, Inc., 479 B.R. 373, 387 (Bankr. E.D.N.C. 2012) (reconsideration denied, 486 B.R. 698 (Bankr. E.D.N.C. 2013)) (holding that the right to arbitrate had not been waived where the opposing party had initiated a separate state court action, argued to dismiss and moved for summary judgment, and obtained attachment and garnishment orders in the state court action).

Further, the "party objecting to arbitration must be actually prejudiced." Maxum Founds., Inc., 779 F.2d at 982 (citing In re Mercury Construction Co., 656 F.2d at 939 (4th Cir. 1981)). The "amount of 'delay and the extent of the moving party's trial-oriented activity are material factors in assessing a plea of prejudice.'" Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc., 683 F.3d 577, 587 (4th Cir. 2012) (quoting MicroStrategy Inc. v. Lauricia, 268 F.3d 244, 252-53 (4th Cir. 2001)). The Court must consider the actions which would be required of

the non-movant to defend the movant's case activity. See Forrester v. Penn Lyon Homes, Inc., 553 F.3d 340, 343 (4th Cir. 2009) (holding that prejudice was present where the non-movants had to "expend significant time and money," had to reveal their trial strategy, and allowed the movant to defeat several of the non-movant's claims on summary judgment); see also Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc., 817 F.2d 250 (4th Cir. 1987) (finding prejudice where three motions to dismiss and a motion for summary judgment had been filed).

State law "traditional principles" "allow a contract to be enforced by or against nonparties to the contract through 'assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel.'" Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 631 (2009) (citing 21 R. Lord, Williston on Contracts § 57:19, p. 183 (4th ed. 2001). Thus, nonsignatories may demand arbitration under the FAA. Id.; see also American Bankers Insurance Group v. Long, 453 F.3d 623, 626-30 (4th Cir. 2006); see also International Paper v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 416-18 (4th Cir. 2000) (holding that equitable estoppel prevented a nonsignatory plaintiff from avoiding arbitration). Particularly when "each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written

7

agreement, the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate." American Bankers Insurance Group, 453 F.3d at 627 (quoting Brantley v. Republic Mortgage Ins. Co., 424 F.3d 392, 395-96 (4th Cir. 2005) (internal citations omitted)).

Here, the contract between the parties required them to arbitrate "any disputes" that arose between them. [Doc. 1-1]. The transaction was one of interstate commerce, in which a North Carolina corporation entered into a commercial transaction with a Colorado corporation. Id. The Plaintiff's claims against Defendant Vinny Curran presume the existence of the written agreement and make the claims against him based on his position as president of Schotten Fenster, LLC.

The Plaintiff brought this action without first demanding arbitration in accord with the contract. [Doc. 15 at 2]. The Defendants filed their Motion to Stay Proceedings and Compel Arbitration Pursuant to 9 USCS § 3 [Doc. 15] on November 7, 2014. On November 10, 2014, Defendant Schotten Fenster, LLC admitted that the Plaintiff had made payments to it under the contract [Doc. 17 at 7], and that Schotten Fenster, LLC had materially breached the contract [Doc. 17 at 13].

Defendant Schotten Fenster, LLC's admissions, however, do not resolve all of the disputes between the parties. Claims for fraud and

8

deceptive trade practices remain. While the Plaintiff has generally alleged fraud regarding the contract itself, it has not specifically alleged fraud regarding the arbitration provision. [Doc. 7 at 14-15]. Thus, there is no issue before this Court regarding the viability of the arbitration provision itself. The Plaintiff takes issue with the legal principle that an arbitration provision can be invalidated only by fraud as to that provision as opposed to fraud in the inducement with regard to the contract as a whole. See Rent-a-Center, W., Inc. v. Jackson, 561 U.S. 63, 70-71 (2010). The Plaintiff, however, cites no authority to the contrary. The Plaintiff has presented nothing to support a contention that the arbitration provision has been procured by fraud. Therefore, the arbitration provision must be honored.

The admission of breach of contract by Schotten Fenster, LLC does not, of itself, constitute a waiver of the arbitration provision of the contract.[1] The claims of fraud, unfair trade practices, negligent misrepresentation, and civil conspiracy by the Defendants remain unresolved and must still be arbitrated. In addition, the Defendants' claim that the Plaintiff failed to

---

[1] The Court is not deciding whether the breach of contract issue has been fully resolved between the parties. There may be issues regarding material breach by the Plaintiff or other defenses. These also may be issues as to the amount of damages. Such issues will be for the arbitrator in this case.

mitigate its damages is related to the contract between the parties and must be arbitrated.

Furthermore, the Defendants did not "substantially utilize the litigation machinery" in this case. Maxum Founds., Inc., 779 F.2d at 981. This case has not progressed to a point in time or status that would prejudice the Plaintiff. See Wheeling Hosp., Inc., 683 F.3d at 587. In fact, the admission of the Defendant here has benefited the Plaintiff because the admission will streamline and simplify the presentation of the Plaintiff's case. See Forrester v. Penn Lyon Homes, Inc., 553 F.3d 340, 343 (4th Cir. 2009).

For these reasons the Court will grant a stay of this case as to all parties until "arbitration has been had in accordance with the terms of the agreement." 9 U.S.C.A. § 3.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Motion of Defendants Schotten Fenster, LLC and Vinny Curran to Stay Proceedings and Compel Arbitration Pursuant to 9 U.S.C.A. § 3 [Doc. 15] is **GRANTED** and this case is **STAYED** as to all parties pending arbitration.

**IT IS SO ORDERED.**

Signed: December 23, 2014

Martin Reidinger
United States District Judge